UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HULDERMAN,

                Petitioner,                Case Number 2:08-CV-12625
                                                                        Honorable Lawrence P. Zatkoff

v.

BLAINE LAFLER,

                Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS
CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Petitioner Robert Hulderman's petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, challenges his convictions for assault with intent to commit sexual penetration, MICH. COMP. LAWS 750.520(G)(1), and habitual felony offender - second offense. MICH. COMP. LAWS 769.10. For the reasons that follow, the Court denies the petition.

**I. Facts and Procedural History**

Petitioner was originally charged in the St. Clair Circuit Court with two counts of first-degree criminal sexual conduct and with being a fourth-time habitual felony offender, and thus, faced a life sentence on those charges . The charges arose out of the allegation that he sexually assaulted his eight-year-old niece by rubbing her genitalia on a couch in the basement of his sister's home.

On December 6, 2005, the day scheduled for trial, Petitioner changed his plea. Petitioner

agreed to plead no contest to an added charge of assault with intent to commit sexual penetration and to being a second-time habitual felony offender in exchange for dismissal of the original charges. The added charge carried a fifteen-year maximum penalty.

At the plea hearing, the trial court informed Petitioner that there was no sentencing agreement whatsoever, and that Petitioner's dissatisfaction with the sentence he received would not be a basis for withdrawing his plea. The trial court stated unambiguously: "I will not accept a no contest plea if it's conditioned on you receiving some specific sentence, and also you'll not be allowed to withdraw your plea later simply because my sentence is different from what someone may have suggested to you that it might be. Do you understand that?" Plea Tr. at 6. Petitioner indicated that he understood. The trial court informed Petitioner that if he pleaded no contest and the court accepted the plea, then a conviction of guilt would be entered against him. Petitioner stated his understanding.

Petitioner acknowledged that he had sufficient time to discuss his case with his counsel, and he was satisfied with his counsel's advice and representation on his behalf. The trial court informed Petitioner of all the rights he would be waiving by entering his no contest plea, including: the right to a trial; the right to have the prosecutor prove his guilt beyond a reasonable doubt; the right to be tried by a judge or jury; the right to be presumed innocent at trial; the right to have the witnesses against him appear at trial; the right to question witnesses against him; the right to have his own witnesses presented at trial; the right to remain silent at trial without it being used against him; and the right to testify in his own defense. Petitioner acknowledged his understanding and willingness to waive these rights. Petitioner indicated his understanding of the charge and he indicated that he understood the maximum penalty was fifteen years in prison.

Petitioner then stated that he would plead no contest to the added charge. He denied that he had been threatened by anyone to obtain the plea, and he denied that any promises beyond those placed on the record were made to him in exchange for his plea. The trial court used a police report containing an interview with the victim as a factual basis for the plea.

Petitioner confirmed his understanding of the proceedings, and he confirmed that all his responses were truthful. The trial court then found that Petitioner had entered his no contest plea voluntarily and with a full understanding of the nature of the charges and the possible penalties. The court further found that the plea was accurate and that Petitioner was in fact guilty of the offense.

On January 9, 2006, the day scheduled for sentencing, Petitioner's trial attorney moved to withdraw. Counsel asserted that there had been a complete breakdown in the attorney-client relationship with Petitioner, Petitioner wished to withdraw his plea, and he could not delve into the specific details of the breakdown without prejudicing Petitioner. The court granted the motion and appointed Petitioner a new attorney.

On January 30, 2006, the next date scheduled for sentencing, Petitioner's new attorney moved to withdraw the plea. Counsel asserted that Petitioner was not informed that his no contest plea acted as a guilty plea, he was not advised of the rights he was waiving, and certain reports were not made part of the record. Petitioner also claimed that his first attorney misrepresented the sentencing guideline range. The trial court denied the motion and proceeded to sentencing. During allocution, Petitioner stated: "I never did anything to my niece. The evidence speaks for itself. There was no penetration." Sent. Tr. at 25. The trial court sentenced Petitioner to 7-to-15 years in prison.

Petitioner filed a request for the appointment of appellate counsel which was granted. On

September 11, 2006, his appellate counsel moved again to withdraw the no contest plea, arguing that his trial counsel rendered ineffective assistance of counsel. Petitioner asserted that his trial counsel waived the preliminary examination, did not correctly calculate the sentencing guidelines, did not interview Petitioner's character witnesses, and allowed Petitioner to enter the plea despite his protestations of innocence. The trial court denied the motion on the grounds that it was untimely filed.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals that raised three claims:

> I. The trial court committed reversible error in denying defendant's motion to withdraw his no contest plea without scheduling an evidentiary hearing on the issue of ineffective assistance of counsel and/or the issue of the voluntariness of defendant's plea.
>
> II. The trial court committed reversible error in denying defendant's post-conviction motion to withdraw his no contest plea on the basis of Mich. Ct. R. 6.310(C).
>
> III. The trial court abused its discretion in not striking the objected-to information from the pre-sentence information report.

The Michigan Court of Appeals denied the delayed application for leave to appeal "for lack of merit in the grounds presented." *People v. Hulderman*, No. 273125 (Mich. Ct. App. Dec. 14, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same three claims raised in the state court of appeals. Petitioner also presented two new claims: (1) Petitioner was denied his right to a jury trial of his peers, and (2) the trial court prohibited Petitioner from speaking with his trial counsel prior to his hearings. The Michigan Supreme Court denied leave to appeal. *People v. Hulderman*, No. 133084 (Mich. Sup. Ct. April 24, 2007).

Petitioner returned to the trial court and filed a motion for relief from judgment. The motion

raised six claims not relevant to this action. The trial court denied the motion by order dated January 31, 2008. Petitioner did not appeal this order in the Michigan appellate courts.

Petitioner then filed the instant petition which raises four claims:

I. Because state criminal procedures did not conform to the same standards that apply to federal proceedings Mr. Hulderman was denied the basic fundamental rights guaranteed to him by the United States Constitution.

II. Because Mr. Hulderman's counsel did not subject the prosecution's case to meaningful adversarial testing in light of the circumstances of this case, Mr. Hulderman was denied his Sixth Amendment right to effective assistance of counsel guaranteed to him by the United States Constitution made applicable to the states through the Fourteenth Amendment.

III. Petitioner's plea was invalid.

IV. Petitioner has established cause for a procedural default.

### III. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a state court has adjudicated the merits of the claims presented, habeas corpus relief may not be granted unless the state-court adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "'Where . . . the state court did not assess the merits of a claim properly raised in a habeas petition,' however, 'the deference due under AEDPA does not apply.'" *Dorn v. Lafler*, 601 F.3d 439, 442 (6th Cir. 2010) (*quoting Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)). Where there was no state-court adjudication on the merits of a habeas claim, the court reviews the claim de novo. *Id*. (*citing Maples*, 340 F.3d at 436–37).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the

grounds presented." This stock phrase "may not be equivalent to a 'final decision' on the merits, i.e., the disposition may simply signal that the court found the matters asserted unworthy of the expenditure of further judicial resources." *Halbert v. Michigan*, 545 U.S. 605, 618 (2005). The Sixth Circuit has held that, "[b]ecause [a] state court may have various reasons for denying an application for leave to appeal 'for lack of merit in the grounds presented,' and [a federal court] cannot discern from that language alone whether that decision was based on the merits of the case, we cannot conclude that it was an 'adjudication on the merits' pursuant to 28 U.S.C. § 2254(d)." *Dorn*, 601 F.3d at 443. Accordingly, when the state court issues a one-sentence order denying leave to appeal "for lack of merit in the grounds presented" with no further explanation, de novo review is appropriate. *Id*.

### IV. Analysis

### A. Validity of Plea

The first and third claims presented in Petitioner's pro se pleading appear to assert that his no contest plea was entered in violation of the Due Process Clause. The substance of these claims was presented to the Michigan appellate courts during Petitioner's direct appeal. Because neither state appellate court adjudicated the claims on the merits, the Court must review the claims de novo.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. United States*, 397 U.S. 742, 748–49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id*. at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id*. at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering

into his decision" does not mean that the decision was not intelligent. *Id*. at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

During the plea colloquy in this case, the trial court informed Petitioner that his plea of no contest, if accepted, would result in a finding that he was guilty. Petitioner expressed no confusion about the fact that he would not receive a trial if his plea was accepted. The terms of the plea agreement were explained to Petitioner, including the fact that there was no agreement as to sentence. He was informed that the maximum sentence was fifteen years, but he was also specifically warned that he should not rely upon any predictions made to him regarding his sentence. Petitioner expressed satisfaction with his attorney's advice.

Petitioner never asserted his innocence at the plea hearing, and he never asserted that he wished to stand trial but was forced into the plea because his character witnesses were not present. In fact, Petitioner denied that anyone had threatened him or promised him anything in order to get

him to plead guilty. The trial court found that Petitioner understood the nature and consequences of his plea and that he voluntarily entered it. In denying the motion to withdraw the plea, the trial court stated that it vividly recalled the plea hearing and found that it was apparent from Petitioner's responses during the plea colloquy that he understood what he was doing. The trial court therefore concluded that the plea was entered knowingly and voluntarily and denied the motion to withdraw the plea.

Petitioner is "bound by his statements" during the plea colloquy that he was not coerced into entering the guilty plea and that he was entering it voluntarily. *Ramos*, 170 F.3d at 564 (internal quotation omitted). Thus, the Court finds that Petitioner's plea was not entered in violation of the Due Process Clause.

### B. Ineffective Assistance of Counsel

Petitioner's second claim asserts that his trial counsel was ineffective. Specifically, he claims that his counsel did not adequately investigate potential defenses. In support of this allegation, Petitioner claims that he had character witnesses who would have testified in his defense. Petitioner also claims that his counsel incorrectly scored the guidelines prior to the plea hearing.

In *Strickland v. Washington,* 466 U.S. at 668 (1984), the Supreme Court established a two-pronged test for determination of whether a criminal defendant has received ineffective assistance of counsel. First, the convicted person must prove that counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the criminal defendant must show that counsel's deficient performance prejudiced him. The Supreme Court

emphasized that, when assessing counsel's performance, the reviewing court should afford counsel a great deal of deference:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent to making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* at 689 (internal citations and quotations omitted).

In the guilty plea context, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). Furthermore, this determination depends in large part on a prediction of what the outcome of a trial might have been. *Id.* at 58–60; *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In other words, the petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have been at least a reasonable chance he would have been acquitted. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him. A petitioner's conclusory allegation that, but for an alleged attorney's act or omission, he would not have pleaded guilty is not enough to prove such a claim.

In the present case, Petitioner's trial attorney did not provide ineffective assistance of counsel. It is true that defense counsel has a duty to conduct a reasonable investigation into the facts

of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See Strickland*, 466 U.S. at 690–91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted). Petitioner, however, has not established that counsel failed to investigate his case or was deficient for advising him to accept a plea. Petitioner was charged with two counts of first-degree criminal sexual conduct and with being a fourth-time habitual felony offender, and he therefore faced a life sentence on the original charges. Petitioner's claim of innocence appears to be based on his belief that character witnesses would have tipped the scales in his favor. But these types of criminal sexual conduct trials often amount to contradictory allegations by each parties' character witnesses. Because of this, it is not atypical for a jury to convict an accused based on the testimony of a victim child alone. Counsel's strategy in pursuing a plea that resulted in a drastically reduced charge and foregoing other avenues of defense was reasonable given the nature of the case. Moreover, counsel's strategy was effective in that the court set a minimum sentence of seven years, whereas a conviction after trial might have resulted in a life sentence.

Furthermore, Petitioner has not established that but for counsel's alleged errors there is a reasonable probability that he would not have pleaded no contest, and would have insisted on going to trial. *See Hill*, 474 U.S. at 58–59. By entering a plea, Petitioner secured the dismissal of far more serious felony charges; he also reduced his maximum sentencing exposure from life in prison to a maximum term of fifteen years imprisonment. The matters which he believes should have been further investigated by counsel do not establish his innocence nor cast doubt upon the reliability of the proceedings. Under such circumstances, Petitioner cannot prevail on his ineffective assistance

of counsel claim. The Court finds that Petitioner was not deprived of the effective assistance of counsel in the trial court.[1]

## V. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336–37. The Court concludes that a certificate of appealability is not warranted in this case because Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims.

---

[1] Petitioner's fourth claim does not raise a substantive ground for relief but asserts "cause" to excuse any procedural default. Because the Court did not impose any procedural default rule, the argument is moot.

## VI. Conclusion

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED and the matter is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  January 19, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 19, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290